951 F.2d 1267
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard S. WANIFUCHI, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 91-3363.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1991.
 
 Before MAYER, Circuit Judge, SMITH, Senior Circuit Judge, and MICHEL, Circuit Judge.
 SMITH, Senior Circuit Judge.
 
 
 1
 Richard S. Wanifuchi seeks review of a Merit Systems Protection Board (MSPB) decision that denied his petition to enforce an agreement which settled his appeal of a removal action by the Department of the Army. (MSPB No. DE043288C0391) The MSPB found that the Army was in compliance with the settlement agreement. We Affirm.
 
 
 2
 Mr. Wanifuchi is a Japanese-American who is employed by the Army as an auditor. After the Army proposed to remove him from his auditor's position due to alleged ineffectiveness, he filed an EEO complaint. The parties reached a settlement agreement which is the subject of this appeal.
 
 
 3
 Mr. Wanifuchi contends that the Army has not complied with the settlement agreement, and he seeks to enforce the agreement. An administrative judge (AJ) denied the petition and found no evidence that the Army had failed to comply with the agreement. Mr. Wanifuchi then filed a petition with MSPB for review by the full board. The MSPB denied his petition because it did not meet the criteria for review set forth at 5 C.F.R. § 1201.115 (1990), and the AJ's initial decision became final.[1] The MSPB correctly held that Mr. Wanifuchi bears the burden of showing by a preponderance of the evidence that the agency breached the agreement.[2]
 
 
 4
 This court's review of MSPB decisions is limited, and the Board's decision must be affirmed unless it is found to be:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence....[3]
 
 
 8
 Mr. Wanifuchi asserts that the Army has not provided him with in-depth training in auditing pursuant to a written training plan, as paragraph (d) of the settlement agreement provides. The Army produced a written training plan and evidence that Mr. Wanifuchi received 80 hours of formal training and extensive on-the-job training. Because Mr. Wanifuchi has provided no evidence to the contrary, the MSPB decision as to this paragraph must be affirmed.
 
 
 9
 Paragraph (f) of the agreement provides that the Army will not retaliate against Mr. Wanifuchi for filing the EEO complaint which gave rise to the settlement agreement or for any other EEO complaint he might file in the future. This paragraph also provides that the Army will assist him in obtaining counseling for job-related stress. Mr. Wanifuchi asserts that the Army has continued to harass, intimidate, and discriminate against him. The MSPB finding that Mr. Wanifuchi has submitted no evidence to support his claim that the Army has engaged in retaliatory behavior or denied him counseling for stress.
 
 
 10
 The MSPB correctly held that it is Mr. Wanifuchi's burden to demonstrate that the Army has not complied with the settlement agreement. He has not carried that burden. He has failed to show that the MSPB decision is arbitrary, capricious, or an abuse of discretion. The decision of the MSPB is affirmed.
 
 
 
 [1]
 5 C.F.R. § 1201.113(b) (1990)
 
 
 [2]
 Fredenall v. Veterans Admin., 38 M.S.P.R. 366, 371 (1988)
 3 U.S.C. § 7703(c) (1988); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).